Kaye, J.
(concurring). The prosecution here has not met its burden of showing that the victims of the crimes alleged in the State indictment are different from the victims of the offenses that were the subject of the Federal indictment. I therefore agree with the court’s conclusion that the double jeopardy exception recognized by CPL 40.20 (2) (e) for prosecutions involving "loss or other consequence to a different victim” is inapplicable to this case. I cannot, however, agree with the rationale that CPL 40.20 (2) (e) must be limited to cases where “all of the offenses included in a prior prosecution involved specific, individually identifiable victims and the second prosecution arising from the same transaction involves other individual victims”. (Majority opn, at 230; also, at 224,230.) My disagreement has two bases.
First, the rationale is broader than necessary to resolve this case. Here, the Federal indictment charges racketeering and mail fraud involving both Citisource stock and bribery of certain public officers, where the public at large — and particularly the citizens of New York City — are the alleged victims. The State indictment, concededly based on the "same transaction” (CPL 40.20 [2]) involving both Citisource stock and bribery of the same public officers, identifies as defendants’ victims "members of the public” as well as named individual purchasers of Citisource stock. The District Attorney insists that different interests are being vindicated by the State prosecution, but the statutory exception into which he seeks to fit this case is not for a different harm or evil (CPL 40.20 [2] [b]) but for an actual "different victim” (CPL 40.20 [2] [e]). *232 That requirement is plainly not satisfied. One can only conclude from reading the indictment that the members of the public whose interests are sought to be vindicated by the Federal prosecution must be the very same victims, the very same members of the public — which necessarily includes the particular named individual purchasers of Citisource stock— whose interests are also the subject of the State prosecution. My first disagreement with the court’s rationale, therefore, is that it goes beyond what is necessary to resolve the case before us.
Second, I see no present basis for limiting the "different victim” exception to prosecutions where there are "specific, individually identifiable victims.” (Majority opn, at 224.) As CPL 40.20 (2) (e) is now construed, unless the first prosecution involves "specific, individually identifiable” victims a second prosecution on the same transaction cannot go forward under the "different victim” exception even though it involves a different group or class of victims or even different individuals. Nothing in the statute itself, or its history, or the case law is cited as support for that limitation. It may well be that interpreting CPL 40.20 (2) (e) also to encompass wholly different groups or classes of victims will in a future case show itself to be erroneous; it may well be that such an interpretation would facilitate manipulation and undermine the entire purpose of the section. But we cannot and do not know that now.
Chief Judge Wachtler and Judges Alexander, Hancock, Jr., and Bellacosa concur with Judge Titone; Judge Kaye concurs in result in a separate opinion in which Judge Simons concurs.
Judgment, insofar as appealed from, reversed, etc.